IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR JOYAL BARKER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-0655-M |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Arthur Joyal Barker, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

In 2005, petitioner pled guilty to aggravated robbery and was sentenced to 80 years confinement. His conviction and sentence were affirmed on direct appeal. *Barker v. State*, No. 05-05-00515-CR, 2006 WL 279381 (Tex. App.--Dallas, Feb. 7, 2006, pet. ref'd). Petitioner also challenged his conviction in four state writs and two federal writs. One state writ was denied without written order. *Ex parte Barker*, WR-67,592-01 (Tex. Crim. App. Jun. 13, 2007). Three other writs were dismissed for abuse of the writ. *Ex parte Barker*, WR-67,592-04 (Tex. Crim. App. Mar. 19, 2008); *Ex parte Barker*, WR-67,592-10 (Tex. Crim. App. Feb. 11, 2009); *Ex parte Barker*,

WR-67,592-13 (Tex. Crim. App. Jan. 13, 2010). With respect to his federal writs, one was denied on the merits. *Barker v. Quarterman*, No. 3-07-CV-1321-N, 2008 WL 2097165 (N.D. Tex. May 16, 2008), *COA denied*, No. 08-10572 (5th Cir. Mar. 17, 2009). The other writ was dismissed as successive. *Barker v. Quarterman*, No. 3-09-CV-0729-K, 2009 WL 1321650 (N.D. Tex. May 11, 2009).

Undeterred, petitioner now seeks federal habeas relief for a third time. In multiple grounds, petitioner contends that: (1) his conviction was the result of juror bias; (2) he received ineffective assistance of counsel; (3) the trial court made improper rulings; and (4) the prosecutor engaged in various acts of misconduct. Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 13, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

-3-